### E. E. Pipkin v. Hayward Lumber Company.

Decided May 28, 1906.

**Question of Fact—Peremptory Charge—Error.**

While plaintiff was ascending a ladder from one floor to another of defendant's building in the prosecution of his duties, the ladder was tilted and caused to fall by certain hoisting machinery in use on the building, whereby plaintiff was injured. The weight of the testimony showed that a stairway had been completed between the two floors, and plaintiff must have known it, and there was some testimony that the men were ordered not to use the ladder any more, but plaintiff denied knowledge of this order. The evidence tended to show that the men continued to use the ladder after the completion of the stairway. Held, it could not be assumed as matter of law that plaintiff knew the danger and assumed the risk of using the ladder while the hoisting machinery was in operation, nor that he was guilty of contributory negligence in using the ladder, knowing that the stairway was completed, and therefore the court erred in giving a peremptory charge for defendant.

Appeal from the District Court of Nacogdoches County. Tried below before Hon. James I. Perkins.

*Blount & Garrison*, for appellant.—To authorize the court to peremptorily instruct the verdict the evidence must be of such character that there is no room for ordinary minds to differ as to the conclusions to be drawn from it, and such a charge should never be given when there is any testimony whatever upon which a verdict can be predicated. Hatch v. Pullman Co., 11 Texas Ct. Rep., 757; Stephenson v. Pullman Co., 26 S. W. Rep., 112; Wallace v. Southern Oil Co., 91 Texas, 22; Brown v. Galveston, H. & S. A. Ry. Co., 59 S. W. Rep., 930; Texas & P. Ry. Co. v. Crockett, 3 Texas Ct. Rep., 797; Hightower v. Grey, 11 Texas Ct. Rep., 392; Quinn v. Galveston, H. & S. A. Ry. Co., 11 Texas Ct. Rep., 820; Gulf, W. T. & Pac. Ry. v. Smith, 11 Texas Ct. Rep., 571; Galveston, H. & S. A. Ry. v. Manns, 11 Texas Ct. Rep., 763.

*Ingraham, Middlebrook & Hodges*, for appellee.—The court did not err in peremptorily instructing a verdict for the defendant; because,

"A mere scintilla of evidence or a mere surmise that there may have been negligence on the part of defendant clearly would not justify the trial judge in leaving the case to the jury; there must be evidence upon which they might reasonably and properly conclude that there was negligence." Galveston, H. & S. A. Ry. Co. v. Faber, 77 Texas, 153; Flores v. Atchison, T. & S. F. Ry. Co., 66 S. W. Rep., 709; Rio Grande & E. P. Ry. Co. v. Lynch, 66 S. W. Rep., 712; Sanches v. San Antonio & A. P. Ry. Co., 88 Texas, 117; Galveston, H. & S. A. Ry. Co. v. Ryon, 80 Texas, 61; McDonald v. International & G. N. Ry. Co., 86 Texas, 1; Galveston, H. & S. A. Ry. Co. v. Ryon, 70 Texas, 58.

REESE, Associate Justice.—E. E. Pipkin sued the Hayward Lumber Company to recover damages for personal injuries alleged to have been caused by falling from a ladder, upon which he was going from the lower to the upper story of their mill in the prosecution of his work as an employee of the lumber company. Upon the trial the court instructed a verdict for the defendant, and from the judgment plaintiff appeals.

It was alleged in the petition that at the time of the accident appellant, who had come down from where he was at work on the second floor of the building, was returning to his work on the second floor using for the purpose a ladder which had been provided by appellee for that purpose. Other employes of appellee were engaged at the same time in hoisting certain heavy timbers to the upper floor by means of blocks and ropes, operated by a steam engine. This rope coming from a snatch-block on the upper floor, passed through a snatch-block at the north end of the building, about six feet east of the center of the building, and thence was carried to and through a similar snatch-block near the center of the building from north to south, and about six feet east of the center from east to west. From this snatch-block the rope was carried east to the engine at the east side of the building. The snatch-block at the north end of the building was so fixed as to have from one and a half to two feet play, and when taut the rope passing through this snatch-block would rise that distance from the floor at that point. The building was 180 feet long from north to south and 40 feet wide from east to west. The ladder, upon which appellant was ascending at the time of the accident, was near the center of the building on the east side, with the upper end resting upon the upper sill and the lower end upon the floor and about six inches from the rope as it ran between the snatch-blocks. While appellant was upon the ladder and near the top, the man in charge of the hoisting apparatus gave a signal which put the machinery in motion. The tightened rope between the snatch-blocks in some way caught under the bottom part of the ladder tilting it over and causing appellant to fall to the floor beneath, inflicting upon him the injuries of which he complains.

It was in proof that the ladder was fastened both at the top and bottom and had been provided by appellee for the use of the men in going from the lower to the upper floor, but that a substantial stairway had been erected for that purpose. The great weight of the evidence shows that this stairway had been finished two or three days before the

accident, but there was evidence tending to show that the men continued to use the ladder up to the time of the accident to appellant. The evidence was contradictory as to whether appellant had ever used the stairway, but the circumstances show that he must have known that it had been completed. There was some testimony that after the completion of the stairway, the ladder was ordered to be removed and the men told not to use it any more, but to use the stairway. Appellant denies having heard or known of these orders, and there is evidence tending to show that the men continued to use the ladder as if the stairway were not there.

Evidence introduced for appellee tended to show that the ladder was an unsafe means for ascending to the upper floor, and that the foreman knew this fact.

It can not be assumed as matter of law that the danger of going upon the ladder while the hoisting machinery was in operation was so obvious that appellant must have known the danger, or that he, in fact, did know it, and assumed the risk of going upon the ladder at the time. It can not be assumed as matter of law, from the evidence, that appellant, knowing that the stairway had been completed, was guilty of contributory negligence in using the ladder. If the ladder was an apparently safe means of getting to the upper floor and had been allowed to remain and to continue to be used by the men with the knowledge of the foreman in charge of the work, it can not be said as matter of law that appellant either assumed the risk attendant upon its use instead of the stairway, or was guilty of contributory negligence in so using it.

We think the trial court erred in taking the case from the jury, and it should have been submitted to them upon the issues made by the pleadings, of negligence of the master in providing an unsafe place to work, and of assumed risk and contributory negligence on the part of the appellant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*